■ CITY OF BUFFALO, Appellant, v. FRONTIER INDUSTRIAL AND MARINE SUPPLY CORP. et al., Respondents.— Judgment reversed on the law and facts and a new trial granted, without costs. Memorandum: The reproduction cost less depreciation testimony given by the defendant's expert and adopted by the court was unsupported by any expert engineering evidence, and the same was true of the replacement cost analysis of the plaintiffs' expert. The testimony that was given as to the cost of construction varied between $180,000 and almost $400,000 and no doubt is explained by the lack of any supporting evidence. No adequate evidentiary basis relating to building costs and comparable land sales is provided in the record on which an award may properly be made. All concur, except Williams, P. J., and Goldman, J., who dissent and vote to affirm. (Appeal from judgment of Erie Trial Term, in condemnation proceeding.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.

■ FRANCISCO ORTIZ, an Infant, by ALFONSO ORTIZ, His Father and Natural Parent, et al., Respondents, v. GERTRUDE WOOD, Appellant, and JOSE R. MERCED, Respondent.— Judgments unanimously reversed on the law and facts and a new trial granted, with costs to abide the event. Memorandum: After a period of deliberation, the jury returned and announced that "we find negligence in the degree of 90 per cent for Mrs. Wood and 10 per cent for Merced". Thus, the jury found both defendants guilty of some degree of negligence. The court then had two alternatives. It could have entered the verdict as against both defendants or could have sent the jury back after an appropriate charge indicating that no verdict could be rendered by applying the comparative negligence doctrine. The court chose to send the jury back to resume its deliberations. The jury then returned a second time and announced its verdict for the plaintiffs against defendant Wood only and further gave a verdict to defendant Merced against defendant Wood but limited that verdict to the amount of his property damage and medical expenses without any award for pain and suffering. Upon inquiry by the court as to whether the jury found for plaintiffs against defendant Wood only, the foreman replied "We understand we can't have against two here." The court then remarked "That is not so. You have not listened to my instructions". Notwithstanding the clear evidence of confusion in the minds of the jurors, the court proceeded to order the judgments entered for the plaintiffs against defendant Wood and for defendant Merced against defendant Wood. The colloquy that followed between the court and the attorneys clearly demonstrated the utter misunderstanding the jury had during its deliberations as to how it should render its verdicts. Under these circumstances the interests of justice require that a new trial should be had. (Appeal from judgment of Ontario Trial Term in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.

■ JOSE R. MERCED, Respondent, v. GERTRUDE WOOD, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to abide the event. (Same Memorandum as in Ortiz v. Wood, 30 A D 2d 636, decided concurrently herewith.) (Appeal from judgment of Ontario Trial Term in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.